UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

---

**SETH D. HARRIS**, Acting[1] Secretary of Labor,
United States Department of Labor,

                Plaintiff

    v.

**KEITH DAVIS; A.B.D. TANK & PUMP
COMPANY;** and **A.B.D. TANK & PUMP
COMPANY 401(k) & PROFIT SHARING
PLAN & TRUST**

                Defendants

CIVIL ACTION

File No. 11-cv-06987

---

## PLAINTIFF'S MOTION FOR JUDGMENT BY DEFAULT AGAINST THE PLAN

Now comes Seth D. Harris, Acting Secretary of Labor, United States Department of Labor ("Secretary"), Plaintiff in the above-styled action and, pursuant to Federal Rule of Civil Procedure 55, moves this Court for a judgment by default against defendant A.B.D. Tank & Pump Company 401(k) & Profit Sharing Plan & Trust ("Plan") Keith Davis ("Davis"). In support of his motion, the Secretary states as follows:

    1.    On February 11, 2013, based on the failure by the Plan to appear and defend in this action at any of the numerous court status hearings the Court defaulted the Plan. *See, Carpenters Labor-Management Pension Fund v. Freeman-Carder LLC,* 498 F.Supp. 2d 237 (D.D.C. 2007*)* (entry of default judgment was appropriate when defendant failed to respond to complaint or take

---

1 By operation of law, Seth D. Harris is substituted for former Secretary of Labor, Hilda L. Solis. Civ.R. 25(d).

any action to defend itself); *see also Parise v. Riccelli Haulers, Inc., 672 F.Supp. 72* (D.C.N.Y.1987) (default justified where defendant answers the original complaint but fails to answer the amended complaint); *Forest Nursery Co. v. Crete Carrier Corp., 319 F.Supp. 213* (D.C.Tenn.1969) (failure to plead or otherwise defend for more than six months justifies entry of default); *Diettrich v. Northwest Airlines, Inc., 168 F.3d 961, 964* (7th Cir. 1999) certiorari denied 120 S.Ct. 48, 528 U.S. 813, 145 L.Ed.2d 43 (in appropriate cases, inherent power to impose sanctions includes authority to impose ultimate sanction of grant of judgment or dismissal with prejudice; recognizing judges must carefully exercise this power). Another method that courts have chosen to enter a default judgment is by striking defendants' answers and entering a default judgment. *Chemtall, Inc. v. Citi-Chem, Inc., D.C.Ga.1998, 992 F.Supp. 1390* (striking defendant's answer and entering default judgment against him pursuant to court's inherent power and Rules 11, 26(g)(3), and 37).

2. As the court granted the Secretary's motion for default the allegations of the Secretary's complaint are deemed admitted against the Plan. *See E360 Insight v. The Spamhaus Project,* 500 F.3d 594, 607 (7th Cir. 2007) (once a default has been entered, a defendant is deemed to have admitted the truth of the allegations of a complaint, leaving the issue of damages open to judicial determination); *Yang v. Hardin*, 37 F.3d 282, 286 (7th Cir. 1994); *In re Cath*, 368 F.3d 789, 793 (7th Cir. 2004).

3. As a result of defendant Keith Davis' fiduciary breaches, the Plan incurred $2,849,557.41 in losses.

4. Moreover, as the Secretary has requested that the court remove defendant Davis as the fiduciary of the Plan the Secretary also requests that the court appoint Larry Lefoldt as the independent fiduciary to the Plan. (See Declaration of Supervisory Investigator Kelli Hammerl,

attached hereto and made a part hereof).

WHEREFORE, having shown good cause, the Secretary moves that this Court enter a judgment:

A. Appointing Larry Lefoldt, 690 Towne Center Blvd., Ridgeland, Mississippi 39157, as the Independent Fiduciary of the Plan ("Independent Fiduciary") to administer the Plan and to terminate the Plan consistent with the Plan's governing documents, the Internal Revenue Code, and ERISA.

B. Ordering that the Independent Fiduciary shall have and shall exercise full authority and control with respect to the management and/or disposition of the assets of the Plan, including acceptance and distribution of any monetary payments made by Defendant Keith Davis pursuant to the entry of a Default Judgment against Keith Davis and any payments made by the Plan's Fidelity Bond carrier.

C. Ordering that the Independent Fiduciary may retain such persons and firms, including, but not limited to, accountants and attorneys, as may be reasonably required to perform his duties hereunder.

D. Ordering that the Independent Fiduciary shall present to the court any itemized fee applications, including hourly rates of pay, and dates and hours of work, accompanied by a description of the work performed, as well as an itemized statement of expenses. The Independent Fiduciary shall provide to the Regional Director of the Employee Benefits Security Administration ("EBSA"), 230 South Dearborn, Suite 2160, Chicago, Illinois 60604 ("EBSA Regional Director") a copy of said fee applications fifteen (15) business days prior to filing any fee applications with the court. Absent objection from the Secretary within fifteen (15) business

days of the filing of the fee application, said fee application shall be approved as provided by the court and paid from the assets of the Plan. If the Secretary objects, the court will decide whether the Independent Fiduciary's fee/expense request should be granted.

E. Ordering that if the Independent Fiduciary receives monies on behalf of the Plan he shall, on a semi-annual basis, notify the EBSA Regional Director of all such monies received and all payments made by the Plan.

F. Ordering that upon final termination of the Plan and distribution of the Plan's assets, the Independent Fiduciary shall provide proof of such termination and distribution of the Plan's assets to the EBSA Regional Director.

G. Ordering that the appointment of the Independent Fiduciary shall terminate upon the first to occur:

    a. removal by the Court;

    b. his resignation after finding an acceptable replacement, agreed to by the Secretary and the Court, providing notice to all parties to this matter, and approval by the Court to have the replacement independent fiduciary appointed; or

    c. the liquidation and distribution of Plan assets and the completion of all related tasks.

H. Appointing the Independent Fiduciary as an agent of A.B.D. Tank & Pump Company, solely for the purpose of making certain the Plan's Fidelity Bond carrier pays any amounts resulting from claims made against the Fidelity Bond to the Plan for the losses experienced as a result of Keith Davis' fiduciary breaches against the Plan.

I. Ordering that the Secretary is awarded the costs of this action.

J.  Ordering that the Court retain jurisdiction for purposes of enforcing compliance with the terms of this Judgment.

Respectfully submitted,

**M. PATRICIA SMITH**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

s/Ruben R. Chapa
**RUBEN R. CHAPA**
Senior Trial Attorney

Office of the Solicitor
U.S. Department of Labor
States
230 S. Dearborn St., Room 844
Chicago, Illinois 60604
Telephone:(312)353-6993

Attorneys for Seth Harris,
Acting Secretary of Labor, United

Department of Labor,
Plaintiff

# CERTIFICATE OF SERVICE

I certify that one copy of the foregoing **Motion for Judgment by Default Against THE Plan** and proposed **Judgment**, has been served this _15th___ day of February, 2013 on the individual listed below via first class mail:

Keith Davis,
730 N Industrial Drive
Elmhurst, Illinois 60126

A.B.D. Tank & Pump Co.
Keith Davis, President of A.B.D.
730 N Industrial Drive
Elmhurst, Illinois 60126

_s/Ruben R. Chapa_
**RUBEN R. CHAPA**
Senior Trial Attorney

U.S. Department of Labor
One of the Attorneys for
the Secretary