**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| **SETH D. HARRIS**, Acting[1] Secretary of Labor, United States Department of Labor, : : : Plaintiff : : v. : : **KEITH DAVIS; A.B.D. TANK & PUMP COMPANY;** and **A.B.D. TANK & PUMP COMPANY 401(k) & PROFIT SHARING PLAN & TRUST** : : : : : : Defendants : : | CIVIL ACTION<br><br>File No. 11-cv-06987 |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## DEFAULT JUDGMENT AGAINST DEFENDANT KEITH DAVIS

Plaintiff, Seth D. Harris, Acting Secretary of Labor, United States Department of Labor ("Secretary"), having filed her complaint; defendant Keith Davis ("Davis") having been duly served with a copy of the complaint and summons; defendant Davis having failed to respond to discovery served on him on December 16, 2011; having failed to appear for any of the numerous court's status hearings; the court having entered default against defendant Davis on January 24, 2013; and the amount owed by defendant Davis having been verified by the declaration of Supervisory Investigator Kelli Hammerl, now, therefore upon motion of the Secretary and for cause shown,

**JUDGMENT IS HEREBY ENTERED** against defendant Davis in accordance with the prayer of the complaint in the above-styled action; and it is:

**ORDERED, ADJUDGED, AND DECREED** that:

---

1 By operation of law, Seth D. Harris is substituted for former Secretary of Labor, Hilda L. Solis. Civ.R. 25(d).

1.	Defendant Davis is permanently enjoined from violating the provisions of Title I of ERISA.

2.	As a result of defendant Davis's fiduciary breaches, the ERISA plan A.B.D. Tank & Pump Company 401(k) & Profit Sharing Plan & Trust ("Plan") incurred $2,849,557.41 in losses.

3.	As a result of defendant Davis' fiduciary breaches defendant Davis is ordered to restore $2,849,557.41 to the Plan within fourteen (14) days of the entry of this Judgment.

4.	Defendant Davis shall provide satisfactory written proof of the aforementioned restoration within twenty-one (21) days of the entry of this Judgment to the Regional Director of the Employee Benefits Security Administration ("EBSA"), 230 South Dearborn, Suite 2160, Chicago, Illinois 60604 ("EBSA Regional Director").

5.	Upon entry of this Judgment defendant Davis is permanently enjoined from acting as a service provider or fiduciary to any ERISA plan.

6.	Larry Lefoldt, 690 Towne Center Blvd., Ridgeland, Mississippi 39157 ("Independent Fiduciary"), is appointed as the Independent Fiduciary of the Plan to administer the Plan and to terminate the Plan consistent with the Plan's governing documents, the Internal Revenue Code, and ERISA.

7.	The Independent Fiduciary shall have and shall exercise full authority and control with respect to the management and/or disposition of the assets of the Plan, including acceptance and distribution of any monetary payments made by Defendant Keith Davis pursuant to this Judgment and any payments made by the Plan's Fidelity Bond carrier.

8. The Independent Fiduciary may retain such persons and firms, including, but not limited to, accountants and attorneys, as may be reasonably required to perform his duties hereunder.

9. The Independent Fiduciary shall present to the court any itemized fee applications, including hourly rates of pay, and dates and hours of work, accompanied by a description of the work performed, as well as an itemized statement of expenses. The Independent Fiduciary shall provide to the EBSA Regional Director a copy of said fee applications fifteen (15) business days prior to filing any fee applications with the court. Absent objection from the Secretary within fifteen (15) business days of the filing of the fee application, said fee application shall be approved as provided by the court and paid from the assets of the Plan. If the Secretary objects, the court will decide whether the Independent Fiduciary's fee/expense request should be granted.

10. If the Independent Fiduciary receives monies on behalf of the Plan he shall, on a semi-annual basis, notify the EBSA Regional Director of all such monies received and all payments made by the Plan.

11. Upon final termination of the Plan and distribution of the Plan's assets, the Independent Fiduciary shall provide proof of such termination and distribution of the Plan's assets to the EBSA Regional Director.

12. The appointment of the Independent Fiduciary shall terminate upon the first to occur:

    a. removal by the Court;

    b. his resignation after finding an acceptable replacement, agreed to by the Secretary and the Court, providing notice to all parties to this matter, and approval by the Court to have the replacement independent fiduciary appointed; or

    c. the liquidation and distribution of Plan assets and the completion of all related tasks.

  13. The Court appoints the Independent Fiduciary, Larry Lefoldt, as an agent of A.B.D. Tank & Pump Company, solely for the purpose of making certain the Fidelity Bond carrier pays any claims made against the Fidelity Bond to the Plan for the losses the Plan experienced as a result of Keith Davis' fiduciary breaches.

  14. The Secretary is awarded the costs of this action.

  15. The case is dismissed, without prejudice, with leave to reinstate by June 19, 2013. After June 19, 2013, said dismissal will be with prejudice.

**Dated: This 19th day of February, 2013**

_____
**Amy J. St. Eve**
**U.S. District Court Judge**